**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** MDL No. 2873

**TRANSFER ORDER**

**Before the Panel**:* We are presented with two motions in this docket. First, the State of New York moves under Panel Rule 7.1 to vacate our order conditionally transferring the *State of New York* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873. Defendant 3M Company opposes the motion. Second, plaintiff in the *Willingboro Municipal Utilities Authority* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred that action to MDL No. 2873. Defendants Methode Electronics Inc., 148 Beverly Rancocas Rd LLC, and Willing B. Wire Corporation oppose the motion.

After considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that aqueous film-forming foams (AFFFs) used at airports, military bases, or certain industrial locations caused the release of per- or polyfluoroalkyl substances (PFAS) into local groundwater and contaminated drinking water supplies. The MDL actions share factual questions concerning the use and storage of AFFFs; the toxicity of PFAS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).

Turning first to the motion to transfer *State of New York*, the State in this action alleges that 3M and DuPont manufactured and sold PFAS for use in consumer products, such as Stainmaster and Teflon, and that PFAS from these products contaminated the State's natural resources. In opposition to transfer, the State argues that *State of New York* is a non-AFFF action focused exclusively on non-AFFF consumer products, that its state law claims do not implicate AFFF issues, and that it has disclaimed any recovery for contamination arising from AFFF use or disposal.

---

* Judges David C. Norton and M. Casey Rodgers did not participate in the decision of this matter.

Many states have attempted to split their claims into non-AFFF and AFFF actions so as to maintain an action outside the MDL. We have generally looked askance at such attempts. *See, e.g.*, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2026 WL 914965, at *5 (J.P.M.L. Apr. 2, 2026) (citing cases). Here, the State has not one but four separate AFFF actions pending in the MDL.[1] The State seeks recovery in this action for PFAS contamination of "all" of its natural resources. *See* Compl. ¶¶ 20, 282, 289–90, *New York v. 3M Co.*, C.A. No. 1:26-01401 (N.D.N.Y. July 2, 2026), ECF No. 2. In support of transfer, 3M points to more than 200 sites in New York that have been placed at issue in the State's AFFF actions, as well as by the numerous private actions by New York water providers and personal injury plaintiffs that also are pending in the MDL. *See* Transfer Order at 2, MDL No. 2873 (J.P.M.L. Oct. 5, 2020), ECF No. 691 (holding that transfer is appropriate where a plaintiff "is seeking (or potentially seeking) recovery for PFAS contamination for *the same water supply*"). The State also seeks the same relief in this action as it seeks in its four AFFF actions in the MDL—namely, response and remediation costs, compensation for damages to the State's natural resources, and an abatement fund. Given the broad scope of *State of New York*, which is not limited to any specific product or contamination site, we are not persuaded that the State's attempt to limit its complaint to "consumer products" is sufficient to eliminate the "substantial and concrete" overlap between the State's action and those in the MDL. *Cf.* Order Vacating CTO at 2–3, MDL No. 2873 (J.P.M.L. Aug. 3, 2022), ECF No. 1511 (denying transfer of *State of New Hampshire* where the state had identified specific contamination sites in each of its complaints, none of which overlapped).

The State's attempt to distinguish its state law claims here from those being litigated in the MDL likewise is not convincing. We note that the First Circuit rejected a similar argument. *See Maine v. 3M Co., Inc.*, 159 F. 4th 129, 139 n.22 (1st Cir. 2025) (rejecting distinction between determining whether PFAS contamination at site is attributable to AFFF and "allocation" of contamination between AFFF and non-AFFF sources). Further, many plaintiffs in the MDL assert nuisance claims like those asserted by the State here—including the State in its AFFF actions pending in the MDL. Two courts adjudicating substantially identical claims for contamination of the same natural resources may result in inconsistent pretrial rulings.

The State suggests that transfer of *State of New York* will expand the scope of the MDL beyond AFFF claims. We have previously rejected such arguments and find them no more convincing here. *See* Transfer Order at 3, MDL No. 2873 (J.P.M.L. June 4, 2026), ECF No. 4397 (transferring *State of Maryland* and observing that, "even under the terms we have set, this is an expansive MDL due to the nature and scope of PFAS contamination and AFFF use"). Discovery in *State of New York* is likely to overlap with multiple actions in the MDL, including the State's own AFFF actions. The transferee court is well positioned to manage pretrial proceedings in a consistent manner to avoid duplication of efforts. Transfer of *State of New York* therefore is appropriate.

---

[1] *See State of New York v. 3M Co.*, C.A. No. 2:19-01022 (D.S.C.); *State of New York v. 3M Co.*, C.A. No. 2:19-02123 (D.S.C.); *State of New York v. 3M Co.*, C.A. No. 2:19-02607 (D.S.C.); *State of New York v. 3M Co.*, C.A. No. 2:20-00048 (D.S.C.).

With respect to the motion to vacate *Willingboro Municipal Utilities Authority*, this action was brought by a municipal water provider under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601 et seq., against several defendants who allegedly operate non-AFFF industrial facilities that contaminated the plaintiff's water supply with PFAS. Plaintiff argues that CERCLA actions such as this do not share a sufficient factual core with the tort claims in the MDL. Plaintiff also argues that this action is akin to *Town of East Hampton*, a CERCLA action that we remanded last year. *See* Remand Order at 1–2, MDL No. 2873 (J.P.M.L. Oct. 15, 2025), ECF No. 3897. These arguments largely echo those brought in *Town of Pepperell*, which we rejected at our last hearing session. *See* Transfer Order at 3–4, MDL No. 2873 (J.P.M.L. Aug. 11, 2026), ECF No. 4593.

Like plaintiff in *Town of Pepperell*, plaintiff here has a separate AFFF action pending in the MDL. *See Willingboro Mun. Util. Auth. v. 3M Co.*, C.A. No. 2:23-04324 (D.S.C.) (alleging that plaintiff's water system was contaminated by PFAS stemming from AFFF use). Plaintiff thus alleges that both AFFF and non-AFFF sources contributed to the PFAS contamination of its water supply. *See* Transfer Order at 2, MDL No. 2873 (J.P.M.L. Oct. 5, 2020), ECF No. 691 (transferring putative non-AFFF action that sought recover for PFAS contamination for "*the same water supply*" as action in the MDL). While this action involves regulatory claims, not tort claims, plaintiff's AFFF and non-AFFF case likely will involve common discovery regarding the source of the alleged PFAS contamination and thus would benefit from coordination in the MDL. *Willingboro Municipal Utilities Authority* may also benefit from coordination with other actions pending in the MDL that defendants have identified as involving either plaintiff's water system or Fort Dix, a U.S. military base located upriver from plaintiff's water system.

Plaintiff's reliance on *Town of East Hampton* also fails. *Town of East Hampton* was a uniquely local action, and the transferee court did not suggest that transfer of CERCLA actions by municipalities that involve AFFF issues should be discontinued. Indeed, we have transferred factually-related CERCLA actions following the remand of *Town of East Hampton*. *See* Transfer Order at 3–4, MDL No. 2873 (J.P.M.L. Aug. 11, 2026), ECF No. 4593 (transferring *Town of Pepperell*). Should the transferee judge determine that *Willingboro Municipal Utilities Authority* is better litigated separately, he may suggest remand under Section 1407, which can be accomplished with a minimum of delay. *See* Panel Rules 10.1–10.3.

Plaintiff also argues that transfer will delay resolution of its CERCLA claims. Transfer, however, is appropriate "if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 WL 755083, at *2 (J.P.M.L. Feb. 4, 2021) (citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2021) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.")). In any event, we are confident that resolution of plaintiff's claims will not be unnecessarily delayed.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Madeline Cox Arleo

Dale A. Kimball
Richard Seeborg

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: Sandra S. Shealy
DEPUTY CLERK

**IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** MDL No. 2873

**SCHEDULE A**

District of New Jersey

WILLINGBORO MUNICIPAL UTILITIES AUTHORITY v. METHODE ELECTRONICS, INC., ET AL., C.A. No. 1:26−03192

Northern District of New York

PEOPLE OF THE STATE OF NEW YORK v. 3M COMPANY, ET AL., C.A. No. 1:26−01401